IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JESSICA M. THORNTON                                                    PLAINTIFF

V.                         CASE NO. 5:20-CV-5018

JODY E. THORNTON                              DEFENDANT/COUNTER-PLAINTIFF

AND

JODY E. THORNTON                                         THIRD-PARTY PLAINTIFF

V.

S. LANCE COX                                              THIRD-PARTY DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is a Third-Party Complaint filed by Jody E. Thornton (Doc. 9). Third-Party Defendant S. Lance Cox has filed a Motion to Dismiss and Memorandum Brief in Support (Docs. 14 & 15). Mr. Thornton filed a Response in Opposition with a Memorandum Brief in Support, (Docs. 16 & 17), and Mr. Cox was granted leave to file a Reply (Doc. 21). The Court has considered the pleadings, motions, and briefs on behalf of all parties and hereby **GRANTS** Mr. Cox's Motion to Dismiss (Doc. 14).

## I. BACKGROUND

Mr. Thornton and Jessica M. Thornton were divorced on January 11, 2019. Mr. Cox represented Ms. Thornton throughout the divorce proceeding and currently represents her in a related child custody proceeding in the Circuit Court of Washington County. Mr. Cox is also Ms. Thornton's attorney in her case before this Court. Ms. Thornton's Amended Complaint raises claims under both state and federal law, alleging that Mr. Thornton, without permission, intercepted, accessed, and read email

1

communications between herself and her attorney, Mr. Cox. (Doc. 6). Mr. Thornton filed an Answer and Counterclaim against Ms. Thornton, alleging defamation, intentional interference with a business expectancy, and civil conspiracy. (Doc. 8). Mr. Thornton also brought a Third-Party Complaint against Mr. Cox, Ms. Thornton's attorney, raising the same allegations as the Counterclaim. (Doc. 9).

The Third-Party Complaint alleges the following facts in support of the claims. Mr. Thornton contends that Mr. Cox is motivated by personal animosity towards Mr. Thornton. He asserts that Mr. Cox knew or should have known that the claims leveled against him in Ms. Thornton's Amended Complaint are unwarranted and will not be supported by evidence following discovery. He alleges that Mr. Cox has referred to Mr. Thornton as, among other derogatory terms, "a terrorist," "insane," and "the worst combination of character traits." (Doc. 9, ¶ 9). Further, Mr. Thornton alleges that Mr. Cox instructed his client to have her father file an incident report with the Washington County Sheriff's Office that resulted in the opening of a criminal investigation. Mr. Thornton also accuses Mr. Cox of threatening to report him to various government authorities during the course of negotiating a divorce settlement between Mr. and Ms. Thornton.

Mr. Thornton is the principal owner of JJ's Grill restaurants. He alleges that Mr. Cox was very familiar with the state of Mr. Thornton's business from discovery during the divorce proceedings and accuses Mr. Cox of intentionally filing the federal suit on behalf of Ms. Thornton in order to harm Mr. Thornton's business relationships. He attaches to the Third-Party Complaint three letters from potential lenders or investors who express hesitance to become further financially involved with Mr. Thornton's businesses before the resolution of the case. *See* Doc. 9, pp.17–19.

Finally, Mr. Thornton alleges that Mr. Cox has conspired with Ms. Thornton to defame Mr. Thornton and interfere with his business expectations in order to ensure a favorable outcome for Ms. Thornton in the child custody proceedings and generate greater attorney fees for himself.

## II. DISCUSSION

Mr. Cox contends that the Third-Party Complaint should be dismissed because he is not a party properly joined under Rule 14(a). Additionally, Mr. Cox argues that even if the Third-Party Complaint is properly before the Court, he is shielded by the absolute immunity doctrine and by statutory immunity pursuant to Ark. Code Ann. § 16-22-310, and therefore the claims against him should be dismissed. In the alternative, Mr. Cox argues that Mr. Thornton has failed to adequately plead the factual allegations necessary to maintain claims of defamation, intentional interference with a business expectancy, and civil conspiracy.

### A. Joinder

As an initial matter, Mr. Cox argues that he is not properly joined under Rule 14. The Court agrees. A third-party claim under Rule 14 is essentially one for indemnity. *See Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1139 n.7 (8th Cir.1976) ("Sunray's claim could not be maintained as a third-party claim since it is not one for indemnity."). In the Amended Complaint, Ms. Thornton has sued Mr. Thornton on various claims related to electronic eavesdropping. Mr. Thornton has sued Mr. Cox for defamation and intentional interference with a business expectancy. Mr. Cox's potential liability to Mr. Thompson is in no way related to or dependent on the outcome of the claim brought by Ms. Thompson against Mr. Thompson. *See Stewart v. Am. Int'l Oil & Gas Co.,* 845 F.2d 196, 199 (9th

3

Cir. 1988) ("Thus, a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto."). Therefore, Mr. Thornton's Third-Party Complaint against Mr. Cox is improper under Rule 14.

In the alternative, Mr. Thornton argues that his claims against Mr. Cox could proceed pursuant to Rule 19(a) or Rule 20(a)(2)(A). (Doc. 17, p. 13). In response, Mr. Cox asserts that "[i]f Mr. Thornton believes Rule 19 or 20 would allow Mr. Cox to be joined, he should be required to seek leave from the Court. Mr. Cox will contest any such motion." (Doc. 21, p. 9 n.1). The Court finds that Mr. Thornton could have joined Mr. Cox to his Counterclaim against Ms. Thornton, (Doc. 8), pursuant to Rule 13(h) and Rule 20(a). Because Mr. Thornton's Third-Party Complaint contains the same claims he brings against Ms. Thornton in his Counterclaim and arises out of the same transaction or occurrence, his claim against Mr. Cox could be permissively joined. *See, e.g.*, *Transcon. Corp. v. Hyde*, 2009 WL 10710118, at *4–*5 (D. Nev. June 23, 2009). Since the Court ultimately concludes that Mr. Thornton's claims against Mr. Cox are without merit, the Court will construe Mr. Thornton's improper Third-Party Complaint as a motion to amend his counterclaim under Rule 13(h) and Rule 20(a)(2) rather than oblige him to seek leave to amend his filings.

### B. Defamation

Mr. Thornton's first claim against Mr. Cox is one for defamation. Mr. Thornton alleges that the contents of the Amended Complaint are defamatory. *See* Doc. 9, ¶¶ 32–37. The Court finds that Mr. Cox is shielded from liability by the absolute immunity doctrine.

The Arkansas Supreme Court has adopted the statement of attorney's privilege in section 586 of the Restatement of Torts (Second), which provides:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

*Selby v. Burgess*, 712 S.W.2d 898, 900 (Ark. 1986). That absolute privilege attaches to "statements in pleadings regardless of their truth or the existence of actual malice on the part of the attorney so long as the statements were relevant and pertinent to the pleadings." *Id.* (citing *Mauney v. Millar*, 219 S.W. 1032 (Ark. 1920)). Therefore, the Court holds that allegations in the Amended Complaint cannot be a basis of liability for defamation, despite Mr. Thornton's assertion that Mr. Cox made the allegations in the Amended Complaint because of his personal dislike of Mr. Thornton.[1]

### C. Interference with a Business Expectancy

Mr. Thornton's allegation of interference with a business expectancy is also based on the filing of the Amended Complaint. Mr. Thornton contends that he has lost potential investors and future financing because of the federal lawsuit filed by Mr. Cox on behalf of Ms. Thornton, and he attaches letters from lending institutions and private investors, voicing their concern about his and his businesses' financial health. (Doc. 9, p. 17–19).

---

[1] In laying out the claim for defamation, Mr. Thornton refers only to allegations in the Amended Complaint. To the extent, however, that Mr. Thornton would argue other statements described in the Third-Party Complaint were defamatory, such as emails or statements by Mr. Cox to Ms. Thornton or correspondence to Mr. Thornton and his divorce attorney, the Court would find that the publication element of a claim for defamation has not been adequately alleged.

5

In response, Mr. Cox argues that the Arkansas attorney immunity statute protects him in situations such as this one. The Court agrees.

The statute provides that an attorney shall not be "liable to persons not in privity of contract" with the attorney "for civil damages resulting from acts, omissions, decisions, or other conduct in connection with professional services performed by" the attorney, unless they are "[a]cts, omissions, decisions, or conduct that constitutes fraud or intentional misrepresentations." Ark. Code Ann. § 16-22-310(a)(1). Based on the plain language of the statute, Mr. Thornton has not alleged facts that would allow Mr. Cox to be held liable to Mr. Thornton. The "act" for which Mr. Thornton seeks to hold Mr. Cox liable is the filing of this federal case, which Mr. Cox did "in connection with professional services" he performed on behalf of Ms. Thornton as her attorney. Therefore, Mr. Cox is shielded from liability unless he has defrauded Mr. Thornton or made intentional misrepresentations to him. Mr. Thornton does not allege either of these claims, either in name or in substance. At most, Mr. Thornton alleges that his potential business partners and lenders have been misled by the content of the Amended Complaint, not Mr. Thornton himself. Therefore, the attorney immunity statute requires that Mr. Thornton's claim against Mr. Cox for interference with a business expectancy be dismissed.

### D. Civil Conspiracy

The civil conspiracy claim against Mr. Cox will also be dismissed. The Arkansas Supreme Court has held that "generally, there can be no civil conspiracy between an attorney and his client for actions taken in furtherance of the legal representation." *Born v. Hosto & Buchan, PLLC*, 372 S.W.3d 324, 332 (Ark. 2010). Mr. Thornton's claims for defamation and interference in a business expectancy are premised on Mr. Cox's filing of

the Amended Complaint, which he did in representing Ms. Thornton. Therefore, the civil conspiracy claim against Mr. Cox is dismissed.

## III. CONCLUSION

For the foregoing reasons, the Court finds that Mr. Cox's Motion to Dismiss Third-Party Complaint (Doc. 14) is **GRANTED**. To the extent the Court found the claims in Mr. Thornton's Third-Party Complaint (Doc. 9) to be barred by immunity, they are **DISMISSED WITH PREJUDICE**. The Clerk is instructed to **TERMINATE** Mr. Cox as a party to this matter.

**IT IS SO ORDERED** on this 14th day of April, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE