**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

| | |
|---|---|
| **JESSICA M. THORNTON** | **PLAINTIFF** |
| **V.** | **CASE NO. 5:20-CV-5018** |
| **JODY E. THORNTON** | **DEFENDANT/COUNTER-PLAINTIFF** |
| **JODY E. THORNTON** | **THIRD-PARTY PLAINTIFF** |
| **V.** | |
| **S. LANCE COX** | **THIRD-PARTY DEFENDANT** |

## OPINION AND ORDER

On April 14, 2020, the Court entered a Memorandum Opinion and Order ("April 14 Order") granting Third-Party Defendant Lance Cox's motion to dismiss the third-party complaint made against him by Defendant and Third-Party Plaintiff Jody Thornton. (Doc. 23). To the extent the Court found that the claims against Mr. Cox were barred by immunity, they were dismissed with prejudice. (Doc. 23). Mr. Thornton filed a notice of appeal of the April 14 Order (Doc. 25), and his appeal was dismissed by the Eighth Circuit for lack of jurisdiction. (Doc. 35-1).

Mr. Thornton then filed a Motion to Amend Order, asking that the Court amend its April 14 Order to permit an appeal, despite the fact that claims and counterclaims between Mr. Thornton and the Plaintiff, Jessica Thornton, remain pending before this Court. (Doc. 34). Mr. Cox filed a Response (Doc. 35), and Mr. Thornton filed a Reply (Doc. 38). The Court hereby **DENIES** Mr. Thornton's Motion to Amend. (Doc. 34).

Generally, only orders disposing of all claims against all involved parties can be appealed under 28 U.S.C. § 1291. However, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly

determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Eighth Circuit directs that "in determining that there is 'no just reason for delay,' the district court must consider both the equities of the situation and 'judicial administrative interests,' particularly the interest in preventing piecemeal appeals." *Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 806–07 (8th Cir. 1993) (quoting *Curtiss-Wright Corp. v. Gen. Elec.*, 446 U.S. 1, 8 (1979)). Rule 54(b) certifications "should neither be granted routinely nor as an accommodation to counsel." *Guerrero v. J.W. Hutton, Inc.*, 458 F.3d 830, 833 (8th Cir. 2006).

In *Huggins v. FedEx Ground Package System, Inc.*, the Eighth Circuit dismissed for lack of jurisdiction an appeal that had been certified by the district court under Rule 54(b) where "neither the district court nor movants have directed [the court's] attention" to any "danger of hardship or injustice through delay which would be alleviated by immediate appeal." 566 F.3d 771, 774 (8th Cir. 2009). The movant had therefore "fail[ed] to distinguish [his] case from any civil action where some, but not all, of the defendants are dismissed before trial." *Id.* Similarly in this case, the Court sees no risk of hardship or injustice from requiring Mr. Thornton to wait to take any appeal until all pending claims in the action have been resolved, nor has Mr. Thornton alleged any such risk in his Motion. There is nothing that distinguishes this case such that Mr. Thornton's interest in immediate resolution of his claim against Mr. Cox outweighs the administrative interest in avoiding piecemeal appeals.

Additionally, the Eighth Circuit has made clear that Rule 54(b) certification should not be given when an appeal would require "familiarity with the same nucleus of facts and involve[ ] analysis of similar legal issues." *Interstate Power Co.*, 992 F.2d at 807. Multiple

2

claims that deal "with essentially one set of facts, with which [the appellate] court would need to refamiliarize itself on subsequent appeals" generally "weigh heavily against entry of judgment under Rule 54(b)." *Hayden v. McDonald*, 719 F.2d 266, 270 (8th Cir. 1983). In such a case, "judicial economy will best be served by delaying appeal until all issues can be confronted by [the appellate] court in a unified package." *Id.* (quoting *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980)). Here, while the Court recognizes that the issue of attorney immunity is unique to the claims against Mr. Cox, the counterclaims against Ms. Thornton arise out of the same nucleus of facts, which the Court of Appeals could end up confronting multiple times if an appeal is later taken on the remaining claims and counterclaims.

For these reasons, **IT IS ORDERED** that Mr. Thornton's Motion to Amend (Doc. 34) is **DENIED**.

**IT IS SO ORDERED** on this 4th day of June, 2020.

    */s/ Timothy L. Brooks*
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE