## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**JESSICA M. THORNTON**                    **PLAINTIFF/COUNTER-DEFENDANT**

**V.**                          **CASE NO. 5:20-CV-5018**

**JODY E. THORNTON**                    **DEFENDANT/COUNTER-PLAINTIFF**

### OPINION AND ORDER

Defendant Jody Thornton noticed the deposition of Lance Cox for earlier this month. Both Jessica Thornton, the plaintiff in this matter, and Mr. Cox filed Motions to Quash the notice (Docs. 63 & 65) accompanied by briefs in support (Docs. 64 & 66). Until he was permitted by the Court to withdraw on October 13, 2020, Mr. Cox was Plaintiff's counsel in this matter. He also represented Ms. Thornton in a case between the same parties pending in state court, though he withdrew in that case as well. Mr. Thornton filed a response to each Motion (Docs. 69 & 70) and briefs in support of each response (Docs. 68 & 71). For the reasons discussed below, both Motions (Docs 63 & 65) are **GRANTED**.

Mr. Thornton describes two lines of questioning he wishes to pursue when deposing Mr. Cox. First, Mr. Thornton argues that Mr. Cox is a fact witness who can offer information material to the allegations against Mr. Thornton in the amended complaint. Second, Mr. Thornton seeks discoverable information relevant to his counterclaim against Ms. Thornton for intentional interference with a business expectancy. In particular, Mr. Thornton wants to ask Mr. Cox why Ms. Thornton asked the local police department and the Federal Bureau of Investigation ("FBI") to investigate him, why she removed the claims originally filed in state court to federal court and increased the amount of damages claimed, and her underlying motivation in pursuing this litigation.

1

In seeking to quash the deposition notice, Ms. Thornton argues that the discussions she had with Mr. Cox when he was her attorney are protected by attorney-client privilege, and she may assert the privilege to prevent their disclosure. For his part, Mr. Cox asks the Court to prevent Mr. Thornton from deposing him because all the lines of questioning Mr. Thornton intends to pursue relate to attorney work product, which enjoys robust protections from discovery. Both Ms. Thornton and Mr. Cox rely on *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) to support their positions.

In response, Mr. Thornton argues that *Shelton* can be meaningfully distinguished from the facts here. First, Mr. Thornton points out that unlike in *Shelton*, Mr. Cox is no longer representing Ms. Thornton. Ms. Thornton has new advisors shaping her pursuit of this case, and Mr. Cox's legal strategy when the case was initiated "is obsolete and irrelevant now." (Doc. 68, p. 3; Doc. 71, p. 3). Additionally, Mr. Thornton notes that Mr. Cox has first-hand knowledge related to the factual disputes in this case, unlike in *Shelton*, and that neither Mr. Cox nor Ms. Thornton have established that the content of the emails about which Mr. Thornton wishes to question Mr. Cox are protected by attorney-client privilege. Specific to questions about Mr. Thornton's counterclaim, he asserts that Mr. Cox is permitted by Rule 1.6(b)(5) of the Arkansas Rules of Professional Conduct to respond to questions because such questions relate to "allegations . . . concerning the lawyer's representation of the client." Ark. R. Prof. Conduct 1.6(b)(5).

In *Shelton*, the Eighth Circuit expressed general disapproval of the practice of taking opposing counsel's deposition, something "that should be employed only in limited circumstances," and derided the idea that a party could "simply depose opposing counsel in an attempt to identify the information that opposing counsel has decided is relevant

and important to his legal theories and strategy." 805 F.2d at 1327. The court also observed that "[c]ounsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent." *Id.* Therefore, a party is only permitted to depose opposing counsel "where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information . . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.* Except where these three requirements are satisfied, the Eighth Circuit held, "[t]he harassing practice of deposing opposing counsel . . . does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process." *Id.* at 1330.

Turning first to the line of questioning related to Defendant's counterclaim, the Court finds that it is not appropriate for Mr. Thornton to take Mr. Cox's deposition on these topics, as they are undoubtedly privileged. Defendant's counsel questioned Ms. Thornton during her deposition about why she went to the FBI, why she filed this matter in federal court, and why she increased the amount of damages she is seeking. Ms. Thornton indicated that she relied on Mr. Cox's advice in deciding what steps to pursue. *See* Doc. 68, pp. 6–15. Defendant's counsel recognized that this line of questioning had the potential to intrude upon confidential conversations between Ms. Thornton and Mr. Cox: He repeatedly cautioned Ms. Thornton that he did not "want you to disclose what you told Mr. Cox or what he told you," (Doc. 63-2, p. 3) nor "get into any communications you all are having." *Id.* at p. 2. Permitting Mr. Cox to testify, over Ms. Thornton's objection, about conversations in which she sought his legal advice would violate Ms. Thornton's attorney-

attorney-client and work-product privileges simply by bringing a counterclaim against the plaintiff.

Mr. Thornton also misses the mark in arguing that Mr. Cox can respond to questioning regarding the counterclaim because the state Rules of Professional Conduct permit him to defend himself. Rule 1.6(b)(5) permits a lawyer to disclose information relating to the representation of a client "to the extent the lawyer reasonably believes necessary . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client." Comment 10 indicates that "[w]here legal claim or disciplinary charge alleges complicity of the lawyer in a client's conduct or other misconduct of the lawyer involving representation of the client, the lawyer may respond to the extent the lawyer reasonably believes necessary to establish a defense." This argument, combined with Defendant's assertion that Ms. Thornton has "attribut[ed] to Mr. Cox most if not all of Plaintiff's actions complained of by Mr. Thornton," (Doc. 71, p. 3), suggests to the Court that Mr. Thornton wants to depose Mr. Cox to obtain evidence of his own wrongdoing. Mr. Thornton brought a third-party complaint against Mr. Cox, and the Court dismissed those claims. See Doc. 23.[1] Thus, Mr. Cox does not need to defend himself against allegations of misconduct, and Rule 1.6(b)(5) is not relevant to the current

---

[1] Mr. Thornton appealed the Court's Memorandum Opinion and Order granting Mr. Cox's motion to dismiss, see Doc. 25, but the appeal was dismissed for lack of jurisdiction. See Doc. 39. Mr. Thornton then filed a motion to amend the Court's Order to clarify that its decision regarding the motion to dismiss was final and appealable. See Doc. 34. The motion was denied. See Doc. 40. From the briefing on that motion, however, the Court understands that Mr. Thornton believes the Court did not give proper consideration to Almand v. Benton County, 145 B.R. 608 (W.D. Ark. 1992). The Court intends to issue a revised opinion clarifying for Mr. Thornton its reasoning on this point.

posted posture of the case.[2]

Finally, Mr. Thornton makes too much of the fact that Mr. Cox is no longer representing Ms. Thornton. Even though he has withdrawn, the proposed topics revolve around decisions made when Mr. Cox was Ms. Thornton's attorney in this matter. The Court disagrees with Mr. Thornton's assertion that Mr. Cox's decisions in January 2020 are not "relevant legal strategy." (Doc. 71, p.3). The strategic decisions made then determined the path of the litigation and likely still impact how the case will progress. Though Ms. Thornton filed a second amended complaint on October 30, 2020, this was to clarify one specific issue—the nature of Ms. Thornton's actual damages. Otherwise, the claims and allegations have not changed. Opening Mr. Cox to deposition despite the privileged nature of his decision-making would be an illogical penalty to impose on a party whose counsel had to withdraw. In sum, the Court concludes that because the lines of questioning Mr. Thornton proposes related to his counterclaim would lead to the disclosure of privileged information, the deposition notice should be quashed.

It is also inappropriate for Mr. Thornton to depose Mr. Cox about the facts underlying the claims in the amended complaint. First, Mr. Thornton has not shown that he cannot obtain the information he seeks from other sources. Material facts for Mr. Thornton might include whether he had express or implied authorization to access the email inbox on his minor child's phone, whether he viewed any emails that were marked "unread" in the email inbox, whether Ms. Thornton suffered any actual damages as a

---

[2] The Court also notes the permissive construction of Rule 1.6(b) and questions whether the fact that Mr. Cox could choose to disclose relevant confidential information under specific circumstances has any bearing on the Court's analysis of whether it can *order* Mr. Cox to disclose otherwise protected information. Since the Court finds that the Rule is not relevant here, however, it does not explore this question further.

result of the alleged unlawful access to her emails, and whether she acted in a way that suggested she had an actual expectation of privacy in her Yahoo inbox. Mr. Thornton argues that he should be permitted to depose Mr. Cox because he "may also have knowledge as to when Plaintiff first suspected Mr. Thornton of accessing her emails and what steps she took, if any, to protect her privacy interests in such emails." (Doc. 69, p. 2; Doc. 70, p. 2). These are both issues that can be addressed by Ms. Thornton herself. Other relevant questions can all be answered by deposing Ms. Thornton and reviewing records from the service provider.

As to the content of the emails exchanged between Ms. Thornton and Mr. Cox, the remaining material question is whether Mr. Thornton's access to those emails, given their content, could be considered highly offensive for purposes of Ms. Thornton's claim for invasion of privacy. Under *Shelton*, it is Mr. Thornton's burden to show that the emails are *not* privileged, not Ms. Thornton's burden to establish that they *are*. *See* 805 F.2d at 1327. Thus, the Court is unmoved by Mr. Thornton's request to "test the asserted privilege." (Doc. 68, p. 4). Nevertheless, even assuming that the content of the emails accessed by Mr. Thornton is not privileged, the Court concludes that it is unnecessary for Mr. Cox to be deposed. None of the remaining claims hinge on Mr. Cox's impressions or understandings about his email exchanges with Ms. Thornton. The only relevance of the content of the emails, as far as the Court can see, is to the "highly offensive" prong of Ms. Thornton's claim for invasion of privacy, and there is nothing crucial that Mr. Cox can add to the factfinder's understanding of those emails, nor has Mr. Thornton offered any persuasive arguments. Even if *Shelton* is not directly on point because the opposing counsel in *Shelton* was not a fact witness, the Court finds that the disfavor with which the

*Shelton* court viewed the practice of deposing opposing counsel and this Court's familiarity with the parties and specific facts of this litigation lead the Court to exercise its broad discretion to determine the scope and limits of discovery pursuant to Rule 26(b) and prohibit Mr. Thornton from deposing Mr. Cox regarding the claims in Ms. Thornton's amended complaint.

**IT IS THEREFORE ORDERED** that Ms. Thornton's Motion to Quash (Doc. 63) and Mr. Cox's Motion to Quash (Doc. 65) are **GRANTED**.

**IT IS SO ORDERED** on this 16th day of November, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE