IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JESSICA M. THORNTON                                    PLAINTIFF/COUNTER-DEFENDANT

V.                              CASE NO. 5:20-CV-5018

JODY E. THORNTON                                       DEFENDANT/COUNTER-PLAINTIFF

## OPINION AND ORDER

There are two motions for summary judgment currently before the Court. Defendant Jody Thornton filed a Motion for Summary Judgment as to the Amended Complaint (Doc. 78), a Memorandum Brief in Support (Doc. 79), and a Statement of Facts (Doc. 80), the unredacted exhibit to which was filed under seal (Doc. 81) pursuant to the protective order entered in this case.[1]  Plaintiff Jessica Thornton filed a Motion for Summary Judgment as to Mr. Thornton's Counterclaim against her (Doc. 74), a Memorandum Brief in Support (Doc. 76), and a Statement of Facts (Doc. 75), accompanied by an unredacted exhibit filed under seal (Doc. 77).[2]  Having considered all the relevant materials, the Court finds that Defendant's Motion (Doc. 78) is **GRANTED IN PART AND DENIED IN PART** and Plaintiff's Motion (Doc. 74) is **DENIED**.

This matter has come before the Court several times already, and the Court refers the reader to its prior Orders for more expansive factual background.  There is only one federal claim remaining in this case: Ms. Thornton's claim for violations of the Stored

---

[1] In ruling on Defendant's Motion, the Court has also reviewed Plaintiff's Response in Opposition (Doc. 84) and Statement of Facts (Doc. 85) and Defendant's Reply in Support (Doc. 89) and the unredacted exhibit thereto filed under seal (Doc. 90).

[2] The Court also considered Defendant's Response in Opposition to Plaintiff's Motion (Doc. 82) and Statement of Facts (Doc. 86), as well as Plaintiff's Reply (Doc. 88).

Communications Act ("SCA"), 18 U.S.C. § 2701.  Since this federal question is the basis for this Court's jurisdiction, it first considers whether this claim should be dismissed.  The Court concludes that the claim for violations of the SCA must be dismissed.  It also declines to exercise supplemental jurisdiction over the remaining state law claims.

Mr. Thornton previously moved for summary judgment on the SCA claim.  In doing so, he made two arguments—first, that Ms. Thornton alleged no actual damages arising from this conduct and therefore was not entitled to any damages under the statute and second, that Ms. Thornton had failed to establish that Mr. Thornton opened any unopened emails.  At that time, the Court agreed that Ms. Thornton had not explicitly pleaded actual damages related to her SCA claim but found that the materials presented to the Court made clear that she could plead compensatory damages.  *See* Doc. 56, p. 8–9.  The Court therefore granted Ms. Thornton leave to amend her complaint for the specific purpose of alleging actual damages, which she did.

As to Mr. Thornton's second argument, the Court ruled that Ms. Thornton "should have the opportunity to verify Defendant's assertion that he 'never opened or reviewed an email in Jessica Thornton's email account that was marked "unread"' by obtaining a forensic examination of the device and the account and taking Mr. Thornton's deposition." *Id*. at p. 10 (quoting Doc. 43, ¶ 14) (internal citation omitted).  In a footnote, the Court noted that "even if further discovery revealed that Mr. Thornton only reviewed emails that had already been opened by Plaintiff, it is an open question whether the SCA would apply in that scenario." *Id*. at p. 10 n.2.  However, the Court "deem[ed] it prudent to wait until discovery is completed" before deciding "whether the SCA is applicable to a particular set of facts."  *Id*.

Now, discovery is complete. Ms. Thornton has taken Mr. Thornton's deposition. She also could have had an expert examination of the email account and device in question, though there is no indication that she did so. In moving for summary judgment for the second time, Mr. Thornton again asserts that there is no genuine question as to whether he opened emails in Ms. Thornton's account that were unread. In a signed and sworn affidavit, Mr. Thornton asserts that "I never read or opened any emails that were not already opened by Jessica." (Doc. 81, p. 118). He further asserts that Ms. Thornton "has not alleged, much less presented evidence, that he opened any emails that she had not already opened." (Doc. 80, ¶ 10). In response, Ms. Thornton does not dispute the accuracy of that statement; rather she disputes that the fact is material. *See* Doc. 85, ¶ 10. In other words, Ms. Thornton does not offer any evidence to create a genuine dispute as to whether Mr. Thornton opened emails that were unread in her Yahoo! inbox. Instead, her argument is that, as a matter of law, the SCA's protection extends to messages that she previously opened but did not delete.

The Stored Communications Act provides a civil cause of action against someone who "intentionally accesses without authorization a facility through which an electronic communication service is provided . . . and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system." 18 U.S.C. § 2701(a)(1). Electronic storage is defined as:

> (A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and
>
> (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication.

18 U.S.C. § 2510(17). Neither party argues that the messages at issue here could fall within part (A) of the definition of electronic storage, nor would that be consistent with the plain meaning of the statutory text. Therefore, the question before the Court is whether emails that are opened by the recipient and then retained in the recipient's inbox are stored "by an electronic communication service for purposes of backup protection of such communication," as described in part (B) of the statutory definition.

As Ms. Thornton emphasizes, the Fourth Circuit confronted the same question recently in a case with similar facts and answered it in the affirmative, concluding that the "copies of emails retained by a user in his web-based account also are stored by the web-based email service—*i.e.*, the electronic communication service—for purposes of its own and its users' 'protection.'" *Hately v. Watts*, 917 F.3d 770, 793 (4th Cir. 2019). The Fourth Circuit observed that web-based email services like Google, which hosted the webmail service in *Hately*, "retain multiple copies of the messages in a user's account for the web-based email service's *own* backup protection . . . to ensure the product the web-based email service markets functions as intended, expected, and demanded by users." *Id*. While the Fourth Circuit recognized that technology has changed significantly since the SCA was enacted in 1986, it concluded that including "previously delivered and opened emails" in the definition of electronic storage was consistent with Congress's purpose to "fill in a 'gap' in the then-existing law as to the 'protection of the privacy and security of communications transmitted by new non-common carrier communications services or new forms of telecommunications and computer technology,' including email." *Id.* at 797. In the Fourth Circuit's estimation, a construction of the SCA that excluded "previously

delivered and opened emails stored by a web-based email service" from coverage under Section 2701(a)(1) would "materially undermine these objectives." Id.

The Eighth Circuit has also had occasion to consider the reach of Section 2701 and the definition of electronic storage. In *Anzaldua v. Northeast Ambulance & Fire Protection District*, 793 F.3d 822 (8th Cir. 2015), the facts involved unauthorized access to the sent mail and draft folders of the plaintiff's webmail account. The Eighth Circuit considered whether this exposed the defendants to liability under the SCA and held that it did not. Rather, the Eighth Circuit held that "once Anzaldua successfully sent the email to Holland, as he alleged he did, the copy Gmail retained on its server as a sent message did not perform a backup function." Id. at 842. Instead, the Eighth Circuit implied that such emails would likely be more appropriately considered "copies of emails held by remote computing services" protected by other sections of the SCA but not the civil cause of action laid out in § 2701(a)(1). Id. at 842 n.8. While the Eighth Circuit did not completely foreclose the possibility that the backup provision might "protect a copy of the email stored with [the recipient's] email service, not [the sender's]," *id.* at 842, it clearly rejected the reasoning on which the Fourth Circuit later relied in *Hatley*—namely, the notion that opened emails retained in the inbox fell within the definition of "backup protection" simply because the email service provider retained copies of emails as part of its services. In contrast with *Hatley*, the Eighth Circuit also emphasized the narrow scope of the SCA: "The SCA is not a catch-all statute designed to protect the privacy of stored Internet communications; instead it is narrowly tailored to provide a set of Fourth Amendment-like protections for computer networks." *Id.* at 839 (quoting Orin S. Kerr, *A*

*User's Guide to the Stored Communications Act, and A Legislator's Guide to Amending It*, 72 Geo. Wash. L. Rev. 1208, 1214 (2004)).

The logical extension of the Eighth Circuit's reasoning in *Anzaldua* to the facts of this case leads this Court to the conclusion that emails delivered to Ms. Thornton's webmail inbox, opened by her and retained in her inbox are not in "electronic storage" as required by 18 U.S.C. § 2701(a)(1) and defined by § 2510(17)(B). Therefore, Ms. Thornton's SCA claim must be dismissed.[3]

The dismissal of Ms. Thornton's SCA claim leaves only state law claims in the case. By statute, a district court "may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). A court has broad discretion in making this decision. *See Gibson v. Weber*, 431 F.3d 339 (8th Cir. 2005) (affirming the district court's exercise of its discretion to decline to exercise supplemental jurisdiction over state law claims after granting summary judgment to defendants on plaintiffs' federal claim even though the district court did not offer any reasoning for its decision and the statute of limitations would

---

[3] The Court notes that many other district courts that have taken up this question have reached the same conclusion. *See, e.g., Sartori v. Schrodt*, 424 F. Supp. 3d 1121 (N.D. Fla. 2019) (granting defendant summary judgment on the plaintiff's SCA claim and noting that "most courts have held (and I agree) that the SCA doesn't reach and protect undeleted emails that have already been delivered and opened by the intended recipient" because those emails "are no longer 'in electronic storage'"); *Lazette v. Kulmatycki*, 949 F. Supp. 2d 748 (N.D. Ohio 2013) (granting defendant's motion to dismiss and holding that "plaintiff cannot prevail to the extent that she seeks to recover based on a claim that [the defendant] violated the SCA when he accessed e-mails which [plaintiff] had opened but not deleted" because those emails "were not in 'backup' status as § 2510(17)(B) uses that term"); *United States v. Weaver*, 636 F. Supp. 2d 769 (C.D. Ill. 2009) (holding that "[u]sers of web-based email systems, such as Hotmail, default to saving their messages only on the remote system" and such messages "are not in electronic storage" for purposes of the SCA).

bar plaintiffs from refiling their state law claims in state court). "In exercising its discretion, the district court should consider factors such as judicial economy, convenience, fairness, and comity." *Elmore v. Harbor Freight Tools USA, Inc.*, 844 F.3d 764, 767 (8th Cir. 2016). The Court determines, in its discretion, that Ms. Thornton's remaining claims and Mr. Thornton's counterclaims are better adjudicated in state court. In fact, Ms. Thornton first filed her allegations in state court, and the dispute here is bound up with the parties' divorce and their ongoing child-custody proceedings in state court, in which the parties are represented by the same counsel as appears in this matter. Therefore, having weighed the relevant factors, the Court determines that the remaining claims are best adjudicated in state court.

In sum, Defendant's Motion for Summary Judgment (Doc. 78) is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted as to Count I of the Amended Complaint and denied as to Counts II and III, over which the Court declines to exercise supplemental jurisdiction. Plaintiff's Motion for Summary Judgment (Doc. 74) is **DENIED**, as the Court also declines to exercise supplemental jurisdiction over Defendant's counterclaims. Judgment will enter separately. All claims are **DISMISSED**, and the case is terminated.

**IT IS SO ORDERED** on this 27th day of May, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE